UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:95CR246   CDP |
| | ) | |
| WILLIAM Y. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant William Y. Jones filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from the recently reduced sentencing guidelines for crack cocaine offenses. I conclude that Jones is not eligible for the reduction because he was sentenced for an offense involving powder cocaine, not crack cocaine.

## Discussion

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c) of Title 18 provides authority for the court to do so under very limited circumstances. One of those circumstances allows the Court to reduce the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 706, effective November 1,

2007, the United States Sentencing Commission lowered most crack cocaine sentencing ranges by lowering the base offense level by two levels. The Sentencing Commission later determined that the reduction should apply retroactively, and added Amendment 706 to the list of retroactive amendments in U.S.S.G. § 1B1.10(c). Thus, many defendants previously sentenced under the crack cocaine sentencing guidelines are eligible for reduced sentences. The amendment has no application to defendants who were sentenced for powder cocaine offenses.

Defendant William Y. Jones pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine. In exchange for his guilty plea and certain other concessions, the government agreed to recommend a sentence of 23 years (276 months) imprisonment. The Court followed the recommendation and sentenced him to 276 months, although that was actually a departure from the sentencing guidelines range of 292 to 365 months. Jones' was responsible for more than 750 kilograms of powder cocaine, and his guidelines range was based on the offense levels for powder cocaine.

The amendments to the crack cocaine sentencing guidelines have no application to Jones' case, because his offense, and his guidelines, related to powder cocaine. Jones is not entitled to any relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reduce sentence [#761] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2008.